# MEMORANDA

OF

## CASES NOT REPORTED IN FULL

---

## MARY BORST, APPELLANT, v. WILLIAM WINCKEL, RESPONDENT.

*Notary's certificate of protest — construction of.*

APPEAL from an order of the Special Term denying a motion for a new trial.

This action was brought against the defendant as endorser of a promissory note and decided in defendant's favor. The only question in the case, is whether any notice of the dishonor of the note was duly served to charge the endorser. The note was payable at the Newark Trust Company, Newark, N. J.; and at maturity it was protested by a notary public residing in that city.

The following is a copy of the certificate of the notary as to service of notices of protest:

" I do hereby certify that the above is a copy of the notice of protest of the bill of exchange, promissory note or bank check, entered on the preceding page, addressed to the several persons entitled to be notified of the presentment and non-payment of the same, to wit: Charles Pathe, South Orange, New Jersey, W. Winckel, The German Savings Bank in the city of New York, J. B. Keller, cashier, and Charles Pathe, enclosed with one for and to T. Rogers, Esq., Cashier, New York City; also the said notice or notices were served by me, after presentment and demand of payment or acceptance being made, by deposit in the post office, in the city of Newark, postage prepaid, except in such case otherwise named, this evening, November 2d, 1875."

On the same day he sent notices of protest for the defendant inclosed with others to T. Rogers, Esq., cashier, New York City at the Bank of the Metropolis, who was the last endorser of the

note. The notice was, however, not forwarded to the defendant or served upon him until six days after the protest of the note, although he was a resident of the city of New York.

The court at General Term said : " This was altogether too late, and the defendant was discharged by the delay in giving such notice. The only point insisted upon by the appellant is that by the construction of the notarial certificate or notice, grammatically considered, it should be held that the notice was enclosed, directly to the defendant himself and sent to his place of residence. But we think both the law and the grammar are against him. It was very easy to have called the notary to establish the fact as to the form of sending the notice. The failure to do so on the part of the plaintiff tends to establish what the notice itself shows, to wit : That the service was in fact made by an enclosure of several notices to the last endorser as above stated, with the expectation that he would cause them to be served upon the prior endorsers, as he might properly have done under the well settled rule of mercantile law; the order should therefore be affirmed with costs."

*G. N. Saunders*, for appellant. *Erastus Cook*, for respondent.

Opinion by DAVIS, P. J., BRADY and INGALLS, JJ., concurred.

Order affirmed with costs.

---

JOHN D. LOCKE, APPELLANT, *v.* SAMUEL R. FILLEY AND JOHN J. LOCKE, RESPONDENTS.

*Arbitration —favored by the courts — Award — not rejected because, in some particulars, the arbitrators exceed their authority — by a majority of the arbitrators, when good — One partner wrongfully interrupting the business — his liability therefor.*

THIS is an appeal by the plaintiff from a judgment rendered in favor of the defendants. The action was brought to set aside an award made pursuant to a written submission.

On the first day of January, 1873, the parties to this action formed a partnership, to continue five years from that date. The articles of partnership contained the following provision: " In